■ In the Matter of the Estate of EMILY E. WHALEN, Deceased. LEONA WHALEN, Appellant; EVERETT WHALEN et al., Respondents. — Appeal from an order of the Surrogate's Court of St. Lawrence County (Livingston, S.), entered March 17, 1981, which denied probate to an instrument purported to be the last will and testament of Emily E. Whalen. In this proceeding, respondents Everett Whalen, Glendon Alexander, Ralph Whalen Brown and Charles R. Whalen objected, as distributees of decedent Emily E. Whalen, to the probate of a written instrument dated February 4, 1974, and purported to be the last will and testament of Emily E. Whalen. Respondents claimed that the instrument was not properly executed, that decedent was not competent to make a will and that the instrument was procured by fraud and undue influence. They demanded a jury trial of the factual issues presented in the proceeding. Such a

trial was subsequently held, and at the end of respondents' presentation of proof, a motion for a directed verdict by petitioner Leona Whalen, the proponent of and executrix and sole beneficiary under the purported will, was denied. After petitioner had presented her proof, she again moved for a directed verdict. This motion was also denied, and upon the request of respondents and with the consent of petitioner the issues of fraud and undue influence were withdrawn from the jury. Following its deliberations, the jury ultimately returned its verdict wherein it concluded, *inter alia,* that decedent lacked the testamentary capacity to make the purported will, and as a consequence, the Surrogate signed an order denying probate to the instrument offered as decedent's will. This appeal ensued, and we hold that the challenged order should be affirmed. An examination of the record in this case reveals that while petitioner presented evidence tending to demonstrate that decedent had the necessary intelligence and capacity to make her will, respondents presented contrary evidence suggesting that decedent was disoriented and out of touch with reality so that she was incapable of intelligently making and executing a will. Under these circumstances, important issues of credibility were presented, and resolution of the question of whether or not decedent possessed the required testamentary capacity was properly left to the jury, whose verdict should not be disturbed (cf. *Matter of Flynn,* 71 AD2d 891; *Matter of Della Rocca,* 59 AD2d 891). Accordingly, the Surrogate properly denied probate to the purported will. Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.